**Bais YAAKOV of Spring Valley, Plaintiff,**

v.

**ACT, INC., Defendant.**

**Civil Action No. 12–40088–TSH.**

United States District Court, D. Massachusetts.

Signed Dec. 16, 2013.

Order Amending Decision Jan. 22, 2014.

Aytan Y. Bellin, Bellin & Associates LLC, White Plains, NY, Matthew P. McCue, Law Office of Matthew P. McCue, Natick, MA, for Plaintiff.

Michael K. Callan, Robert L. Leonard, Doherty, Wallace, Pillsbury & Murphy, P.C., Springfield, MA, for Defendant.

## MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION (Docket No. 24)

HILLMAN, District Judge.

### Introduction

Bais Yaakov ("Plaintiff") filed a complaint against ACT, Inc. ("Defendant") on July 30, 2012 for violations of the Telephone Consumer Protection Act, 47 U.S.C. s. 227 ("TCPA") and a similar New York Law, N.Y. General Business Law s. 396–aa. Plaintiff brought these claims on behalf of itself and all others similarly situated. Before Plaintiff filed its motion for class certification, Defendant made an offer of judgment to Plaintiff under Federal Rule of Civil Procedure 68 ("Rule 68"). Plaintiff did not accept this offer within 14 days, which under Rule 68 causes the offer to be considered withdrawn. Defendant then filed a motion on September 9, 2013 asking this Court to dismiss the case for lack of subject matter jurisdiction. For the reasons set forth below, Defendant's Motion to Dismiss (Docket No. 24) is denied.

### Facts

Plaintiff is a religious corporation located in New York. In March, April, and May of 2012 Plaintiff alleges it received unsolicited faxes from Defendant that contained no opt-out notices. Plaintiff further alleges that from July 30, 2008 through July 30, 2012 Defendant either negligently or knowingly sent thousands of unsolicited or solicited faxes without opt-out notices to fax machines belonging to people throughout the United States, and from July 30, 2009 through July 30, 2012 either negli-

gently or knowingly sent thousands of unsolicited or solicited faxes without opt-out notices to fax machines belonging to people throughout New York state. Plaintiff claims each of these faxes violated the TCPA or both the TCPA and N.Y. General Business Law s. 396–aa. As a result, Plaintiff brought suit against Defendant on its own behalf and seeking to represent three classes of people.[1]

The parties agreed that the deadline for Plaintiff's class action certification motion would be October 31, 2013. On August 2, 2013, before Plaintiff filed its motion for class certification, Defendant made an offer of judgment to Plaintiff under Rule 68. The offer, if accepted, would grant judgment in favor of Plaintiff with the follow terms: (1) Defendant shall pay Plaintiff $1,600 for each of the four faxes attached to the offer, representing maximum statutory damages that could be recovered under the TCPA and N.Y. General Business Law s. 396–aa; (2) Defendant shall pay Plaintiff $1,600 for each similar additional fax, if any, sent by Defendant to Plaintiff; (3) Defendant shall pay Plaintiff three times the actually monetary damages resulting from the faxes being sent if the actual monetary damages exceed the set statutory damages ($500); (4) Defendant shall pay Plaintiff's court costs, as determined by the Court; (5) Defendant shall pay Plaintiff's reasonable attorney fees if the Court determines Plaintiff would be entitled to recover attorney's fees if it had prevailed on any of its claims; and (6) Defendant shall be permanently enjoined from sending Plaintiff any faxes that would violated the TCPA or any applicable state law then in effect or otherwise communicating with Plaintiff in a manner that violates the TCPA.

Plaintiff did not accept this offer within 14 after he offer was made. On September 4, 2013, approximately one month after it made the offer of judgment, Defendant filed its motion to dismiss.

*Discussion*

 Defendant argues this case should be dismissed for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because its offer of judgment renders the case moot by negating the existence of a case of controversy. Federal courts' jurisdiction is limited to those claims which embody actual cases or controversies. U.S. Const. art. III, s. 2 cl. 1.; *see Cruz v. Farquharson*, 252 F.3d 530, 533 (1st Cir.2001). A case or controversy ceases to exist, rendering the case moot and depriving the court of jurisdiction, when the parties lack a legally cognizable interest in the outcome of the case. *Cruz*, 252 F.3d at 533. A case or controversy must exist at every stage of the litigation, or else the case must be dismissed. *Id.* Defendant urges that no case or controversy exists here, because Plaintiff has been offered all the relief it

---

1. The three classes proposed in Plaintiff's complaint are:

Class A: All persons in the United States from July 30, 2008 through July 30, 2012 to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained no opt-out notice.

Class B: All persons in the United States from July 30, 2008 through July 30, 2012 to whom Defendant sent or caused to be sent a facsimile advertisement, whether solicited or nonsolicited, advertising the commercial availability or quality of any property, goods, or services, which contained no opt out-notice.

Class C: All persons in New York state from July 30, 2009 through July 30, 2012 to whom Defendant sent or caused to be sent an unsolicited facsimile advertisement, advertising the commercial availability or quality of any property, goods, or services, which contained no opt-out notice.

could obtain with a judgment in its favor and thus Plaintiff no longer has a personal stake in the litigation. As no class has yet been certified, there is no other entity with a cognizable interest in the case, so the case should be moot.

Plaintiff responds that it did not accept the offer, so its stake in the litigation remains as it was before the offer. Under Rule 68, if an offer is not accepted within 14 days, it is "considered withdrawn." Fed.R.Civ.P. 68. Evidence of an unaccepted offer is only admissible in a proceeding to determine costs; if the offeree obtains a judgment that is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made. *Id.* Plaintiff argues that because it did not accept the offer within 14 days, the offer was withdrawn and Plaintiff's claim was not satisfied. The question presented, then, is whether an unaccepted offer of judgment under rule 68 in a purported class action moots a Plaintiff's claim if the offer is made before the Plaintiff files a motion to certify the class.[2]

There is a split amongst the Circuits on this issue. The Seventh Circuit holds that an unaccepted Rule 68 offer moots a plaintiff's claims and the claim is dismissed. *Damasco v. Clearwire Corp.,* 662 F.3d 891, 896 (7th Cir.2011). The Fourth Circuit agrees, holding that "[w]hen a Rule 68 offer unequivocally offers a plaintiff all of the relief she sought to obtain, the offer renders the plaintiff's action moot." *Warren v. Sessoms & Rogers, P.A.,* 676 F.3d 365, 371 (4th Cir.2012) (internal citations omitted). The Sixth Circuit holds that the unaccepted offer moots the case, but that judgment should be entered for the plaintiff in accordance with the rule 68 offer. *O'Brien v. Ed Donnelly Enters., Inc.,* 575

F.3d 567, 574–75 (6th Cir.2009). This is the position of the Second Circuit as well. *McCauley v. Trans Union, LLC,* 402 F.3d 340, 342 (2d Cir.2005).

The Third Circuit has ruled that an offer of judgment in a class action suit does not moot the action when the offer is made so early that the representative could not have filed a class certification motion yet, though it does moot the individual claim(s). *Weiss v. Regal Collections,* 385 F.3d 337, 347–48 (3rd Cir.2004). The Fifth Circuit and Tenth Circuit have both followed the holding in *Weiss. Sandoz v. Cingular Wireless LLC,* 553 F.3d 913, 920–21 (5th Cir.2008); *Lucero v. Bureau of Collection Recovery, Inc.,* 639 F.3d 1239, 1250 (10th Cir.2011) ("[W]e hold that a named plaintiff in a proposed class action for monetary relief may proceed to seek timely class certification where an unaccepted offer of judgment is tendered in satisfaction of the plaintiff's individual claim before the court can reasonably be expected to rule on the class certification motion.").

In recent decision, the Ninth Circuit unequivocally held that "an unaccepted Rule 68 offer that would have fully satisfied a plaintiff's claim does not render that claim moot." *Diaz v. First Am. Home Buyers Prot. Corp.,* 732 F.3d 948, 954–55 (9th Cir. 2013). The Court explained that once the offer lapsed it became "a legal nullity" under Rule 68, and thus the Plaintiff's claim remained unsatisfied. *Id.*

In making its decision in *Diaz,* the Ninth Circuit relied heavily on the reasoning from Justice Kagan's dissenting opinion in *Genesis Healthcare Corp. v. Symczyk.* In *Genesis Healthcare,* the majority decision recognizes that "the Courts of Appeals disagree whether an unaccepted

**2.** The Court is assuming for the purposes of this discussion that the offer of judgment fully

satisfies Plaintiff's claims.

offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot" but "[does] not reach this question, or resolve the split," finding that the issue was not properly before the Court. —— U.S. ——, 133 S.Ct. 1523, 1528–29, 185 L.Ed.2d 636 (2013). Justice Kagan, joined by three other Justices, wrote a dissenting opinion directly addressing the issue and finding that "an unaccepted offer of judgment cannot moot a case." *Id.* at 1532–33 (Kagan, J. dissenting). Justice Kagan explained that "[a]n unaccepted settlement offer—like any unaccepted contract offer—is a legal nullity, with no operative effect." *Id.* at 1533. Therefore, "[w]hen a plaintiff rejects such an offer—however good the terms—her interest in the lawsuit remains just what it was before. And so too does the court's ability to grant her relief." *Id.* Justice Kagan goes on to conclude that under Rule 68 it is the plaintiff's choice "not the defendant's or the court's, whether satisfaction of her individual claim, without redress of her viable classwide allegations, is sufficient to bring the lawsuit to an end." *Id.* at 1536.

There is no controlling opinion in the First Circuit on this issue. Defendant argues that *Cruz* controls and mandates that this case be dismissed. This Court disagrees, finding *Cruz* distinguishable and it's holding inapplicable to this set of facts. In *Cruz*, eight named plaintiffs, four American citizens and their respective alien spouses, brought a complaint against the Director of the Boston INS office (the "Director") on behalf of themselves and a class of all persons within the jurisdiction of the Boston INS office who had their adjustment of status petitions pending for more than one year. 252 F.3d at 532. Within 10 weeks, and before the named plaintiffs had moved for class certification, INS granted all the named plaintiffs' adjustment of status petitions. *Id.* The Director then moved to dismiss the complaint

as moot. *Id.* at 533. The District Court granted the motion, and the First Circuit affirmed this decision, noting that the named plaintiffs had received complete relief. *Id.* Here, unlike the plaintiffs in *Cruz*, Plaintiff has received no relief, only an offer for relief which was never accepted. The ability of a plaintiff to accept or reject the offer of judgment is what Justice Kagan emphasizes when she finds an unaccepted offer of judgment cannot moot a claim, and it is what distinguishes this case from *Cruz*, where there was no offer for the plaintiffs to reject. *See Genesis Healthcare*, 133 S.Ct. at 1532–33 (Kagan, J. dissenting).

■■■ With no controlling precedent in the First Circuit, this Court has looked to the reasoning expressed by other courts on this issue, and is persuaded by that expressed the Ninth Circuit in *Diaz* and by Justice Kagan's dissent in *Genesis Healthcare*. By its terms, Rule 68 gives plaintiff the ability to either accept or reject an offer, and gives a court authority to "enter judgment only when a plaintiff accepts an offer." *Genesis Healthcare*, 133 S.Ct. at 1536 (Kagan, J. dissenting); Fed. R.Civ.P. 68. Rule 68 only gives one effect to an unaccepted offer, that a plaintiff may have to pay the offerors costs if she does not obtain a judgment more favorable than the offer. Fed.R.Civ.P. 68(d). An "offer," rather than "order," "ruling," or other like terms, gives the offeree the ability to accept its terms or reject it and proceed unhindered. A plaintiff seeking to represent a class should be permitted to accept an offer of judgment on her individual claims under Rule 68, receive her requested individual relief, and have the case dismissed, or reject the offer and proceed with the class action. Here, Plaintiff chose the latter course, and, having allowed the offer to lapse, still has an unsatisfied claim that can be redressed by the Court. This

case, therefore, has not been rendered moot, and the Court retains subject matter jurisdiction.

### Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction (Docket. No. 24) is *denied.*

SO ORDERED.

*ORDER ON DEFENDANT'S MOTION TO AMEND THE COURT'S MEMORANDUM OF DECISION OF 12/16/13 TO CERTIFY THE DECISION FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b) (Doc. No. 50)*

In its motion to dismiss, ACT, Inc. ("Defendant") argued that this Court lacked subject matter jurisdiction over this case as Defendant's offer of judgment under Fed.R.Civ.P. 68 ("Rule 68") rendered the claims of Bais Yaakov ("Plaintiff") and the putative class moot. On December 16, 2013 this Court denied Defendant's motion to dismiss (Doc. No. 47)[1] after determining the unaccepted Rule 68 offer of judgment did not moot any of the claims in this case. Defendant now moves for an order amending that decision to certify the decision for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Specifically, Defendant asks that the following question be certified for appeal: Whether an unaccepted offer of judgment under Rule 68 in a putative class action, when the offer is made before the Plaintiff files a motion to certify the class, moots the Plaintiff's entire action and thereby deprives a court of federal subject matter jurisdiction? For the reasons set forth below, Defendant's motion is allowed.

Certification for interlocutory review under 28 U.S.C. § 1292(b) is appropriate when a district judge is "of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Although the First Circuit has cautioned that "interlocutory certification under 28 U.S.C. § 1292(b) should be used sparingly," and is not normally appropriate for a denial of a motion to dismiss, certification is proper "where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority". *McGillicuddy v. Clements,* 746 F.2d 76, 77 n. 1 (1st Cir.1984).

The parties agree, as does this Court, that the proposed question for certification presents a difficult question of law not settled by controlling authority. As explained in this Court's denial of Defendant's motion to dismiss, there is a split amongst the Circuit courts, and no controlling authority in the First Circuit as to whether an unaccepted offer of judgment under rule 68 in a purported class action moots a plaintiff's claim(s) if the offer is made before the plaintiff files a motion to certify the class.

Plaintiff argues, however, that the remaining elements required for certification under 28 U.S.C. § 1292(b) are not met because Plaintiff put forth three other arguments opposing Defendant's motion to dismiss which the Court did not reach. In addition to claiming that a Rule 68 offer of judgment should not moot its claim, Plaintiff argued that the Court retained subject

---

**1.** This decision assumes familiarity with the facts set forth in the Court's denial of Defendant's motion to dismiss.

matter jurisdiction because the offer left the relief to be determined, because the offer of judgment did not offer all of the relief Plaintiff would be entitle to, and because Plaintiff still possessed a personal stake in the case continuing as a class action. Thus, Plaintiff reasons, the question of law is not controlling, nor would an appeal materially advance the termination of the litigation, because even a reversal of the Court's decision would leave three arguments to be addressed on the motion to dismiss. Plaintiff therefore asks the Court to either deny the present motion or to first rule on the alternative arguments.

This Court finds that none of Plaintiff's alternative arguments are sufficient to defeat Defendant's motion to dismiss. First Plaintiff argued that this case should not be dismissed because the offer left the amount of relief to be determined. It has been held that an offer "leaving the amount of damages to be determined by the Court upon plaintiff's submissions" does not moot a claim. *Warren v. Sessoms & Rogers, P.A,* 676 F.3d 365, 372 (4th Cir.2012). However, in this case the actual amount of damages is not left to the Court. Plaintiff seeks defined statutory damages for a specific number of faxes it received. Defendant has offered the full amount recoverable under the applicable statutes for each of the three faxes Plaintiff received. Plaintiff has elected to recover statutory damages rather than actual damages; it would not be entitled to both, so no calculation of actually damages regarding the faxes would be required.

Although attorney fees, if applicable, are left to the court by this offer, "a party's interest in recouping attorney's fees does not create a stake in the outcome sufficient to resuscitate an otherwise moot controversy." *Diffenderfer v. Gomez–Colon,* 587 F.3d 445, 452 (1st Cir.2009). A court may lack jurisdiction due to mootness and still decide on the question of attorney's fees. *Id.; see also Savage Indus., Inc.,* 43 F.3d 714, 719 n. 6 (1st Cir.1994). Therefore, though attorney's fees are left to be determined by the court, the underlying claim still may be dismissed as moot, with the court retaining jurisdiction purely for that issue. *See Diffenderfer,* 587 F.3d at 452–53 ("[T]he question of attorney's fees is ancillary to the underlying action and survives independently under the Court's equitable jurisdiction.") (*quoting United States v. Ford,* 650 F.2d 1141, 1143–44 (9th Cir. 1981)).

Second, Plaintiff argued Defendant's offer of judgment did not offer all Plaintiff is entitled to because Plaintiff is entitled to damages per violation, not per fax as offered by Defendant. Both the statutory language of the TCPA and N.Y. GBL s. 396–aa and the relevant case law belie this argument. The TCPA prohibits sending an unsolicited fax unless certain conditions are met, and specifically creates a private right of action for such violations. 47 U.S.C. s. 227(b)(1)(C), (b)(3). It places technical and procedural requirements on outgoing faxes, but does not create a private right of action for violations of these. 47 U.S.C. s. 227(d); *see Lynn v. Monarch Recovery Mgmt., Inc.,* 2013 WL 1247815 (D.Md.2013) ("Unlike § 227(b), § 227(d) does not authorize a private right of action for violations of that subsection."). Courts have found that individuals may seek damages for faxes sent in violation of the TCPA, but not for individual violations within a single fax. *Klein v. Vision Lab Telecommunications, Inc.,* 399 F.Supp.2d 528, 539–40 (S.D.N.Y.2005) ("The TCPA empowered citizens to sue for relief from the problem created by the receipt of unsolicited fax advertisements, not for deficiencies in the faxes received."); *see also Adler v. Vision Lab Telecommunications, Inc.,* 393 F.Supp.2d 35, 38–39 (D.D.C. 2005). As such, statutory damages under

the TCPA are calculated "per offending fax." *Gene And Gene LLC v. BioPay LLC,* 541 F.3d 318, 325 n. 6 (5th Cir.2008)

The same is true under N.Y. GBL § 396–aa.3, where statutory damages should be awarded per offending fax. The language of the statute permits "[a]ny person who has received a telefacsimile transmission in violation of this section [to] bring an action in his own name to recover his actual damages or one hundred dollars, whichever is greater," suggesting statutory damages are to be awarded for each fax. N.Y. GBL § 396–aa.3. A New York Court has also read the statute this way, noting that the statute "provides for a private cause of action to recover ... $100 per fax." *Gottlieb v. Carnival Corp.,* 635 F.Supp.2d 213, 222 (E.D.N.Y.2009). Defendant's offer to pay the maximum in statutory damages per fax received by Plaintiff therefore full satisfies Plaintiff's demands for damages.

Plaintiff also argued the injunctive relief offered by Defendant is insufficient because the injunction only enjoins Defendant from sending faxes that would violate the TCPA or state law to Plaintiff, rather than to anyone. However, as a class was never certified in this case, Plaintiff may only seek the injunction on behalf of itself. *Brown v. Trustees of Boston Univ.,* 891 F.2d 337, 361 (1st Cir.1989) ("Ordinarily, classwide relief, such as the injunction here ... is appropriate only where there is a properly certified class."); *see Zepeda v. U.S. I.N.S.,* 753 F.2d 719, 727 (9th Cir. 1983). ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; it may not attempt to determine the rights of persons not before the court."). Defendant has offered all the injunctive relief Plaintiff is entitled to, relief based on the faxes Plaintiff received.

Finally, Plaintiff claimed that even if its individual claims are mooted, the case should not be dismissed as moot because Plaintiff still has an interest in representing the class and has an economic stake in shifting attorney's fees and costs to class members and obtaining an incentive award. The First Circuit's decision in *Cruz* rejects the first argument. In *Cruz,* the Court dismissed a case on mootness grounds when the named Plaintiffs' individual claims had been fully resolved. The Court found the class action was moot as well, because a class was not certified before the individual claims were dismissed, and "only when a class is certified does the class acquire a legal status independent of the interest asserted by the named plaintiffs." 252 F.3d at 533–34. There can be no interest in representing a class that does not exist.

Moreover, an interest in attorney's fees does not save a claim from mootness. *Lewis v. Cont'l Bank Corp.,* 494 U.S. 472, 480, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990) ("This interest in attorney's fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim"); *Diffenderfer,* 587 F.3d at 452 ("a party's interest in recouping attorney's fees does not create a stake in the outcome sufficient to resuscitate an otherwise moot controversy."). The incentive award, which essentially reimburses plaintiffs for expenses spent on litigating the class action, is of the same nature as attorney's fees and similarly does not revive a moot claim. Plaintiff relies on *Deposit Guaranty Nat. Bank v. Roper,* 445 U.S. 326, 100 S.Ct. 1166, 63 L.Ed.2d 427 (1980) which held that Plaintiffs who had already applied for class certification and been denied could appeal the ruling on class certification due to their personal economic interest in attorney's fees and expenses. 445 U.S. at 332–34, n. 6. These facts are distinguish-

able, as Plaintiff only applied class certification after the motion to dismiss had been filed in this case.[2] Plaintiff therefore has no interest in representing the putative class in this case which could save the case from mootness.

Having determined Plaintiff's alternative arguments against the dismissal of the case are not successful, this Court finds that certification for interlocutory appeal under 28 U.S.C. § 1292(b) is appropriate in this case. The question posed presents a controlling question of law which over which there is substantial difference of opinion, as evidenced by the split between the Circuits. Resolution of the question has the potential to terminate this litigation, as a decision overturning this Court's denial of Defendant's motion to dismiss would result in the dismissal of the case in its entirety.

Therefore, Defendant's Motion to Amend the Court's Memorandum of Decision of 12/16/13 for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) is *granted.* This Court's December 16, 2013 Memorandum of Decision is amended in accordance with this Order and the following question is certified for interlocutory appeal: Whether an unaccepted offer of judgment under Rule 68 in a putative class action, when the offer is made before the Plaintiff files a motion to certify the class, moots the Plaintiff's entire action and thereby deprives a court of federal subject matter jurisdiction? This case is stayed during the pendency of the certification process and any appeal.

SO ORDERED.

---

**2.** It is also worth noting that the Supreme Court explained in *Genesis Healthcare Corp. v. Symczyk,* —— U.S. ——, ——, 133 S.Ct. 1523, 1532, 185 L.Ed.2d 636 (2013) that only "because *Roper* is distinguishable on the facts" did the Court "need not consider its continuing validity in light of our subsequent decision in *Lewis.*"