# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-20496

United States Court of Appeals
Fifth Circuit

**FILED**

August 12, 2015

Lyle W. Cayce
Clerk

DAVID HOOKS,

Plaintiff - Appellant

v.

LANDMARK INDUSTRIES, INCORPORATED, doing business as Timewise Food Stores,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas

Before STEWART, Chief Judge, HAYNES, Circuit Judge, and BROWN, District Judge.[*]

CARL E. STEWART, Chief Judge:

This is an appeal of the district court's dismissal of a named-plaintiff's claim and putative class action under the Electronic Funds Transfer Act for lack of subject matter jurisdiction on mootness grounds. The district court determined that because the Defendant-Appellee made an offer of judgment under Federal Rule of Civil Procedure 68 to the named plaintiff, even though the offer was not accepted, this mooted the individual's claim. The district

---

[*] District Judge of the Eastern District of Louisiana, sitting by designation.

No. 14-20496

court determined that because a motion for class certification was not filed before the offer, the class action was mooted as well.  Because we hold that an unaccepted offer of judgment cannot moot a named-plaintiff's claim in a putative class action, we REVERSE and REMAND.

**I**

Plaintiff-Appellant David Hooks (Hooks) made one withdrawal from his checking account at an automated teller machine (ATM) operated by Defendant-Appellee Landmark Industries, Inc. (Landmark) on November 12, 2011.  Landmark charged Hooks $2.95 for the withdrawal but did not post notice on or at the ATM to inform customers that a fee would be charged for its use.  Hooks sued Landmark in the Southern District of Texas on January 18, 2012, seeking statutory damages for alleged violations of the Electronic Funds Transfer Act (EFTA), 15 U.S.C. § 1693, *et seq.*, and filed his first amended complaint on March 12, 2012.  Landmark answered on March 26, 2012.  On May 4, 2012, the court held a status conference and set September 7, 2012, as the deadline to file a motion for class certification.

Shortly thereafter, on June 18, 2012, Landmark tendered an offer of judgment to Hooks under Federal Rule of Civil Procedure 68 (Rule 68).  Under this offer, Landmark proposed to settle the statutory damage claim for $1,000, the maximum allowable statutory damages for his individual claim.  *See* 15 U.S.C. § 1693(a)(2)(A).  Landmark also offered to "pay costs accrued and reasonable and necessary attorney fees, through the date of acceptance of the offer, as agreed by the parties, or to be determined by the court if agreement cannot be reached."  The deadline to accept under the offer was 15 days after service.[1]  Hooks did not accept the offer and instead filed a motion to strike the

---

[1] Rule 68 allows a party to accept an offer of judgment within 14 days of service. Fed.

No. 14-20496

offer of judgment on June 28, 2012. The district court denied the motion to strike on September 28, 2012.

On September 7, 2012, before the district court denied the motion to strike, Hooks sought an extension of the deadline to file a motion for class certification. On October 5, 2012, the court granted the extension and Hooks filed his motion for class certification. That same day, Landmark filed a motion to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). The case was referred to the magistrate judge, who recommended the motion for class certification be granted and the motion to dismiss be denied as moot. The district court adopted the magistrate judge's recommendation, certifying the class and denying the motion to dismiss on July 30, 2013.[2] On March 25, 2014, Landmark filed a second motion to dismiss for lack of subject matter jurisdiction, arguing that Hooks's individual claim and the class action suit were mooted by the unaccepted Rule 68 offer. The district court granted the motion to dismiss and vacated its prior order. Hooks appealed.

## II

"A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citation omitted). "When reviewing a dismissal for lack of subject matter jurisdiction, we review factual findings for clear error and

---

R. Civ. P. 65(a).

[2] The district court certified a class for: "All non-customers who made an electronic fund transfer, from an account used primarily for personal or household purposes, between November 12, 2010, through [the date on which Defendant came into compliance with the ATM Fee posting requirements of the EFTA], at the ATM operated by Defendant at 1200 League Line Road, Conroe, Texas, and who were charged a 'Terminal Fee.'"

No. 14-20496

legal conclusions *de novo.*" *Funeral Consumers Alliance, Inc. v. Serv. Corp. Intern.*, 695 F.3d 330, 336 (5th Cir. 2012) (citation omitted).

As a preliminary matter, Hooks argues that the Rule 68 offer was not a complete offer of judgment because it only included reasonable attorney fees accrued through the date of the offer. Hooks urges that a complete offer should include post-offer fees—for example, those incurred litigating the "reasonableness" of already-accrued fees if the parties should fail to reach an agreement. Landmark responds that the offer is not required to include these fees in order to provide complete relief.[3]

In a successful case to enforce EFTA liability, a violator of the EFTA is liable for "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1693m(a)(3). Rule 68 states that "a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued." Fed. R. Civ. P. 68(a). "An incomplete offer of judgment—that is, one that does not offer to meet the plaintiff's full demand for relief—does not render the plaintiff's claims moot." *Payne v. Progressive Fin. Servs., Inc.*, 748 F.3d 605, 607 (5th Cir. 2014). If an incomplete offer is made, "the plaintiff maintains a personal stake in the outcome of the action, the court is capable of granting effectual relief outside the terms of the offer, and a live controversy remains." *Id.*

Our court has not ruled on the issue of whether an offer of judgment is complete when it includes cost incurred up to the offer date but not thereafter.

---

[3] Landmark also argues that Hooks waived this argument by not raising it in the district court. However, we need not determine whether the argument was waived because even assuming the offer was complete, Hooks still prevails for the reasons stated below.

No. 14-20496

Other courts have reached differing conclusions as to what fees must be included in order for an offer to be complete in similar scenarios.[4]

We do not express an opinion about whether an offer must include post-offer fees in order to provide complete relief.[5]  Were the offer incomplete, Hooks's individual claim was not mooted under *Payne*.  As discussed below, were the offer complete, Hooks's individual claim—and thus the class claims— were not mooted by the unaccepted offer.  Therefore, as the outcome of our decision does not hinge on the completeness of the offer, we do not determine whether Landmark's offer was complete by only offering costs "then accrued."

---

[4] *See, e.g., Guerrero v. Cummings*, 70 F.3d 1111, 1113−14 (9th Cir. 1995) (holding that a Rule 68 offer including "attorney fees and costs incurred by this plaintiff prior to the date of this offer in an amount to be set by the court," was not ambiguous because it was only the reasonableness of the fees incurred before the offer, not whether post-offer fees were available, that was left to be determined); *Holland v. Roeser*, 37 F.3d 501, 504 (9th Cir. 1994) (holding that post-offer fees incurred in preparing the fee-petition—which would be later determined by the court—was an ambiguous limitation on attorney's fees not allowed in § 1983 cases); *Irvine v. I.C. Sys., Inc.*, No. 14-CV-01329-PAB-KMT, 2015 WL 1509764, at *1, *3 (D. Colo. March 30, 2015) (holding a Rule 68 offer incomplete when it included fees "incurred herein as agreed to by the parties or as determined by the Court"); *Barech v. City of Portland*, No. 3:14-CV-00328-AC, 2015 WL 920025, at *2, *4 (D. Or. March 3, 2015) (holding that an offer including reasonable fees "to be determined by the court, as of the date of this offer" was not ambiguous and not limited to only plaintiff's claims brought under statutes authorizing fee awards); *Lobianco v. Hayter*, 944 F. Supp. 2d 1183, 1186 (N.D. Fla. 2013) ("The Defendants' offer of judgment did not provide complete relief to Plaintiff because it only offered to pay costs and attorney's fees as of the date of the offer, thereby excluding post-offer fees incurred in establishing the amount of compensable attorney fees."); *Hernandez v. Asset Acceptance, LLC*, 279 F.R.D. 594, 597 (D. Colo. 2012) (holding that, in the Fair Debt Collection Practices Act context, complete relief should include attorney's fees expended after the receipt of the Rule 68 offer).

[5] There exist valid arguments on either side of the issue.  On the one hand, Rule 68 states that the offer must only include costs "then accrued."  On the other hand, if a defendant offered to pay reasonable costs "then accrued," but then later disputed plaintiff's requested fees, any subsequent fees spent litigating this issue could eat into plaintiff's recovery.  This may result in plaintiff being made less than whole, and could in fact eliminate the entire recovery when, in cases such as this, there is a low cap to the total damages allowed.

No. 14-20496

### III

We now turn to whether Landmark's Rule 68 offer, assuming it were complete, mooted Hooks's individual claim and the class action claims. Rule 68(a) states that if the opposing party accepts the offer in writing, and the offer and acceptance are filed with the court, "[t]he clerk must then enter judgment." Fed. R. Civ. P. 68(a). Rule 68 also states that "[a]n unaccepted offer is considered withdrawn." Fed. R. Civ. P. 68(b). The doctrine of mootness requires that "[t]he parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 478 (1990) (internal quotation marks and citation omitted). A plaintiff's claim is not moot "[a]s long as [he has] a concrete interest, however small, in the outcome of the litigation." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (citation omitted). "A case becomes moot only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Emps. Intern. Union, Local 1000*, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks and citation omitted). "Defendant-induced mootness is viewed with caution because 'there exists some cognizable danger of recurrent violation' where 'a defendant . . . follows one adjudicated violation with others.'" *Fontenot v. McGraw*, 777 F.3d 741, 747 (5th Cir. 2015) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633, 634 (1953)).

The Supreme Court in *Genesis Healthcare Corp. v. Symczyk*, declined to resolve a circuit split over "whether an unaccepted offer that fully satisfies a plaintiff's claim is sufficient to render the claim moot" when a Fair Labor Standards Act class has not been certified yet. 133 S. Ct. 1523, 1528–29 (2013).[6] Rather, because the Court concluded that this issue had been waived

---

[6] We recognize that the Supreme Court recently granted certiorari to resolve the issue presented in this case. *Gomez v. Campbell-Ewald*, 768 F.3d 871 (9th Cir. 2014), *cert. granted*,

by the parties, the *Genesis* Court merely assumed, without deciding, that the individual claim became moot after the Rule 68 offer of judgment. *Id.* at 1532. The Court ultimately held that the plaintiff had "no personal interest in representing putative, unnamed claimants, nor any other continuing interest that would preserve her suit from mootness," based on the assumption that the unaccepted Rule 68 offer mooted the individual's claim. *Id.*

Justice Kagan, joined by Justices Ginsburg, Breyer, and Sotomayor declined to assume the mootness of the individual claim and, therefore, addressed the offer's effect on the named plaintiff's claim in dissent, stating that "an unaccepted offer of judgment cannot moot a case[,] . . . however good the terms." *Id.* at 1533 (Kagan, J., dissenting). Justice Kagan also noted that, generally, an unaccepted offer is a legal nullity and "[n]othing in Rule 68 alters that basic principle; to the contrary, that rule specifies that '[a]n unaccepted offer is considered withdrawn.'" *Id.* at 1534 (Kagan, J., dissenting) (citing Rule 68). Justice Kagan cautioned "the Third Circuit: Rethink your mootness-by-unaccepted-offer theory. And a note to all other courts of appeals: Don't try this at home." *Id.* (Kagan, J., dissenting).

Our circuit has not finally resolved whether a complete Rule 68 offer of judgment moots an individual's claim.[7] We addressed this issue in *Mabary v.*

---

135 S. Ct. 2311 (2015). The parties have not requested a stay pending the outcome of that case, and due to uncertainty of timing and nature of resolution, we ordinarily do not wait in such situations. *See generally United States v. Lopez-Velasquez*, 526 F.3d 804, 808 n.1 (5th Cir. 2008); *cf. United States v. Escalante-Reyes*, 689 F.3d 415, 431 n. 8 (5th Cir. 2013)(en banc)(Smith, J., dissenting)(although the issue in that case was presented in a case where certiorari was granted, the court addressed it without waiting for the Supreme Court's decision).

[7] We have seen Rule 68 offers to individuals in the class action context but never determined whether a complete Rule 68 would in fact moot an individual's claim. *See Krim v. pcOrder.com, Inc.*, 402 F.3d 489, 502 (5th Cir. 2005) (citing *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1045 (5th Cir. Unit A July 1981)). In *Krim*, investors in pcOrder.com

No. 14-20496

*Home Town Bank, N.A.,* 771 F.3d 820 (5th Cir. 2014), *opinion withdrawn* (Jan. 8, 2015) but then withdrew the opinion at the parties' request while the petition for rehearing was pending. The Third, Fourth, Sixth, Seventh, Tenth, and Federal Circuits have all held that a complete Rule 68 offer moots an individual's claim. *See Diaz v. First Am. Home Buyers Prot. Corp.*, 732 F.3d 948, 953 n.5 (9th Cir. 2013) (collecting cases). By contrast, the Second, Ninth, and Eleventh Circuits have held that an unaccepted Rule 68 offer cannot moot an individual's claim. *See McCauley v. Trans Union, L.L.C.*, 402 F.3d 340, 342 (2d Cir. 2005); *Diaz,* 732 F.3d at 954−55; *Stein v. Buccaneers Ltd. P'ship*, 772 F.3d 698, 702−04 (11th Cir. 2014). The Second Circuit provided little explanation in adopting this rule, *see McCauley*, 402 F.3d at 342, and the Ninth Circuit noted that it was in the minority but found persuasive Justice Kagan's dissent in *Genesis. Diaz*, 732 F.3d at 954−55. The Ninth and Eleventh Circuits are the only circuits to consider this issue post-*Genesis.*

We conclude that the reasoning of the Ninth and Eleventh Circuits is more persuasive and therefore hold that an unaccepted offer of judgment to a named plaintiff in a class action "is a legal nullity, with no operative effect." *Genesis*, 133 S. Ct. at 1533 (Kagan, J., dissenting); *Diaz*, 732 F.3d at 954−55; *Stein,* 772 F.3d at 702−04. It is hornbook law that the rejection of an offer

---

brought a securities class action under Sections 11 and 15 of the Securities Act of 1933. *Id.* at 491. The district court denied the plaintiffs' motion to certify a class and dismissed the case for lack of subject matter jurisdiction. *Id.* at 492−94. As to one named plaintiff, the district court found the individual claim moot because the defendants "had offered [him] a settlement equal to his full recovery under the statute." *Id.* at 493. On appeal, however, this court stated that the appellants did "not dispute that a full settlement offer, even if refused, would dispose of [the] individual claims." *Id.* at 502. The *Krim* court merely noted that an argument regarding the individual investor's mootness was not before it and instead held that the district court did not abuse its discretion by not awarding prejudgment interest to the named plaintiff because it was not required under the applicable securities statute. *Id.* at 502−03.

8

nullifies the offer.  1 WILLISTON ON CONTRACTS § 5:3 (4th ed.) ("When an offer has been rejected, it ceases to exist . . . ."). We agree that "[n]othing in Rule 68 alters that basic principle," and, in fact, Rule 68 considers an unaccepted offer to be withdrawn.  *Genesis*, 133 S. Ct. at 1534 (Kagan, J., dissenting); Fed. R. Civ. P. 68(b); *Diaz*, 732 F.3d at 954-55.  "Giving controlling effect to an unaccepted Rule 68 offer . . . is flatly inconsistent with the rule." *Stein*, 772 F.3d at 702.  The court is not deprived of the ability to enter relief—and thus the claim is not mooted—when a named plaintiff in a putative class action rejects a settlement offer from the defendant.  *See Knox*, 132 S. Ct. at 2287. "An 'offer,' rather than 'order,' 'ruling,' or other like terms, gives the offeree the ability to accept its terms or reject it and proceed unhindered." *Yaakov v. ACT, Inc.*, 987 F. Supp. 2d 124, 128 (D. Mass. 2014).  We agree that "[a] plaintiff seeking to represent a class should be permitted to accept an offer of judgment on her individual claims under Rule 68, receive her requested individual relief, and have the case dismissed, or reject the offer and proceed with the class action." *Id.*

We have previously expressed concern for defendant-induced mootness in the class action context where defendants may attempt to "pick off" individual plaintiffs before class certification "[b]y tendering to the named plaintiffs the full amount of their personal claims each time suit is brought as a class action." *Zeidman v. J. Ray McDermott & Co.*, 651 F.2d 1030, 1050 (5th Cir. Unit A July 1981).  A contrary ruling would serve to allow defendants to unilaterally moot named-plaintiffs' claims in the class action context—even though the plaintiff, having turned the offer down, would receive no actual relief.  Even assuming Landmark's offer were complete, it did not moot Hooks's claim as the named plaintiff in the putative class action.  Given that Hooks's

individual claim was not mooted by the unaccepted offer, neither were the class claims.

## IV

For the reasons stated above, we REVERSE and REMAND to the district court for further proceedings consistent with this opinion.