**Christopher COKER, Plaintiff,**

v.

**SELECT ENERGY SERVICES, LLC, et al, Defendants.**

**CIVIL ACTION NO. 3:15-CV-136**

United States District Court,
S.D. Texas, Galveston Division.

Signed December 17, 2015

Udyogi Apeksha Hangawatte, Galvin B. Kennedy, Kennedy Hodges LLP, Houston, TX, for Plaintiff.

James M. Cleary, Jr., Martin Disiere et al, Houston, TX, for Defendants.

## ORDER GRANTING MOTION TO STAY

George C. Hanks Jr., United States District Judge

Christopher Coker ("Coker") filed this Fair Labor Standards Action ("FLSA") action against his former employer Select Energy Services, LLC ("Select Energy") on June 3, 2015. Coker filed a Motion to Certify Class (Dkt. 8) on July 8, 2015. Subsequently, Select Energy filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction (Dkt. 16). Coker and Select Energy both filed responsive pleadings. On October 6, 2015, the Court heard oral arguments from the counsel on the Motion to Certify and the Motion to Dismiss during the initial pre-trial conference. Because of the jurisdictional questions pending before the Fifth Circuit and the Supreme Court of the United States, the Court **STAYS** litigation and discovery in this case.

Select Energy argues that this Court no longer has subject matter jurisdiction because Coker's FLSA claim is moot. Select Energy contends that pursuant to Federal Rule of Civil Procedure 68, Coker was offered complete relief on the day Select Energy filed its answer; thus fully satisfying Coker's FLSA claims. Select Energy states that because Coker rejected that offer, his claims are moot under *Genesis Healthcare Corp. v. Symczyk*, —— U.S. ——, 133 S.Ct. 1523, 1528, 185 L.Ed.2d 636 (2013). As such, Select Energy persists that this Court no longer has subject matter jurisdiction over Coker's FLSA claim and it must be dismissed. Select Energy adds that the Court's supplemental jurisdiction over Coker's state law claims must also be declined and those claims dismissed given the dismissal of his sole federal claim. In summary, Select Energy argues that since Coker rejected an offer of complete relief, he is no longer party to the sort of live "case or controversy" that

is a jurisdictional prerequisite under Article III of the U.S. Constitution. Once a defendant moves to dismiss the case for lack of subject matter jurisdiction, the plaintiff has the burden of establishing that this Court has subject matter jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992).

In the collective action and class action contexts, the Courts of Appeals are divided as to whether a complete offer of judgment under Federal Rule of Civil Procedure 68 moots a named plaintiff's claim, and as to the related issue of whether such a plaintiff can continue to litigate on behalf of the putative class. The majority of the courts of appeals—including the Third, Fourth, Sixth, and Seventh Circuits—hold that an offer that fully satisfies a plaintiff's claim moots a plaintiff's individual claim. *See, e.g., Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir.2004); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir.2012) ("When a Rule 68 offer unequivocally offers a plaintiff all of the relief 'she sought to obtain,' the offer renders the plaintiff's action moot." (citation omitted)); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 574–75 (6th Cir.2009) ("[A]n offer of judgment that satisfies a plaintiff's entire demand moots the case . . . ."); *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1015 (7th Cir.1999) (offer of complete relief "eliminates a legal dispute upon which federal jurisdiction can be based").

Additionally, the Third and Seventh Circuits have held, that an offer of complete relief to the plaintiff before it moves for class certification "will generally moot the plaintiff' [individual] claim, as at that point the plaintiff retains no personal interest in the outcome of the litigation." *Weiss*, 385 F.3d at 340; *see Damasco v. Clearwire Corp.*, 662 F.3d 891, 895 (7th Cir.2011); *see also Symczyk v. Genesis HealthCare Corp.*, 656 F.3d 189, 195 (3rd Cir.2011) (holding that a plaintiff's individual FLSA claim was mooted by a Rule 68 offer); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 919 (5th Cir.2008) (same).[1]

Coker argues that Fifth Circuit clarifies that an unaccepted offer of judgment does not moot a named-plaintiff's claim in a putative class action, even where a motion for class certification is filed after a Rule 68 offer is made. *See Hooks v. Landmark Indus., Inc.*, 797 F.3d 309 (5th Cir.2015). This opinion, on which Coker heavily relies, is on rehearing *en banc* before the Fifth Circuit. *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309 (5th Cir.2015) (pet. for rehearing en banc filed Aug. 25, 2015). The circuits may have an answer soon.

The Supreme Court is set to weigh in on the issue again as it hears an appeal from the Ninth Circuit. *See Campbell–Ewald Co. v. Gomez*, —— U.S. ——, 135 S.Ct. 2311, 191 L.Ed.2d 977 (2015) (granting petition for certiorari seeking review of the questions of whether a case becomes moot when a plaintiff receives an offer of complete relief on his claim). Oral arguments in *Campbell–Ewald* were held on October 14, 2015, and an opinion has yet to be published. The outcome of *Campbell–Ewald* or *Hooks* will significantly impact the outcome of this matter.

 A district court has the inherent power to stay cases to control its docket

---

1. Leading commentators have assumed this position as well. *See, e.g.,* 13B Charles Alan Wright et al., Federal Practice and Procedure § 3533.2 (3d ed. 2008) ("Even when one party wishes to persist to judgment, an offer to accord all of the relief demanded may moot the case."); 1 Joseph M. McLaughlin, McLaughlin on Class Actions: Law and Practice § 4:28 (9th ed. 2012) ("Traditional mootness principles provide that an offer of judgment under Federal Rule of Civil Procedure 68 that satisfies a plaintiff's entire demand moots the claim." (footnote omitted)).

and promote efficient use of judicial resources. *See Landis v. N. Am. Co.,* 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936). In determining whether a stay is appropriate pending the resolution of another case, a district court must consider various competing interests, including: (1) the potential prejudice to plaintiffs from a brief stay; (2) the hardship to defendants if the stay is denied; and (3) the judicial efficiency in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Trahan v. BP,* CIV.A. H–10–3198, 2010 WL 4065602, at *1 (S.D.Tex. Oct. 15, 2010).

▮ Staying a case pending in a district court in the Fifth Circuit is appropriate when the district court anticipates that the Fifth Circuit will issue a ruling in an unrelated case that addresses unresolved issues in the stayed case. *See Lincoln Gen. Ins. Co. v. Autobuses Tierra Caliente, Inc.,* CIV. A. 3:04CV1535–L, 2006 WL 2474096, at *1 (N.D.Tex. Aug. 28, 2006) (staying case where similar issues were on appeal before the Fifth Circuit). Also, staying a case is particularly applicable when the Fifth Circuit is addressing a controlling issue of law *en banc. See, e.g., Boyd v. American Heritage Insurance Co.,* 282 F.Supp.2d 502, 503–04 (S.D.Miss.2003) (case stayed except for discovery while Fifth Circuit considered *en banc* issue).

▮ Here, the Fifth Circuit and the Supreme Court of the United States will soon consider matters that involve the same legal issues. Therefore, the Court believes that the issuance of a stay advances each of the three relevant factors. Waiting for the current panel decision in *Hooks* or until Supreme Court has ruled in *Campbell–Ewald* will avoid expending unnecessary judicial resources.

Furthermore, because the delay associated with the stay will be of a limited duration, no prejudice to Coker would result from a brief stay in this case. The interest of judicial economy favors a stay because discovery and substantial expenses, which may be needlessly incurred if the Fifth Circuit and/or Supreme Court rules that a rejected offer of complete relief moots Coker's claims. Moreover, the issues pending before the Fifth Circuit and the Supreme Court would simplify and resolve threshold issues relating to this Court's jurisdiction to consider Coker's claims, both individually and on a collective action basis.

Finally, the Court finds that there is a public interest in judicial economy and efficiency, which will be promoted by a stay of these proceedings. *Boise v. ACE USA, Inc.,* 2015 WL 4077433, at *6 (S.D.Fla. July 6, 2015) (finding that determinate duration of stay for the Supreme Court's ruling in *Campbell–Ewald* weighed in favor of granting motion to stay).[2] The Supreme Court will resolve *Campbell–Ewald* in its next term, and current trial setting for this case is March 2017. *See* Docket Control Order, Dkt. 30. Accordingly, this Court concludes that all of the factors weigh in favor of staying this case.

**2.** The interest of judicial economy has also encouraged other district courts to elect to stay in similar proceedings until a decision in *Campbell–Ewald* is reached. *See e.g., Wolf v. Lyft, Inc.,* No. 15–1441, 2015 WL 4455965, at *2 (N.D.Cal. July 20, 2015); *Williams v. Elephant Ins. Co.,* No. 15–119, 2015 WL 3631691, (E.D.Va. May 27, 2015); *Klein v. Verizon Commc'ns, Inc.,* No 141735 (4th Cir.); *In re: Monitronics Int'l, Inc., Tel. Consumer Prot. Act. Litig,* 13–2493 (N.D.W.Va.); *Yaakov v. Varitronics, LLC,* CIV. 14–5008 ADM/FLN, 2015 WL 5092501, at *4 (D.Minn. Aug. 28, 2015).

THEREFORE, the Court **GRANTS** Defendant Select Energy Services, LLC's Motion to Stay.

**IT IS SO ORDERED.**