# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-20113
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
June 3, 2016

Lyle W. Cayce
Clerk

DONALD L. BLOOM,

Plaintiff-Appellant

v.

MEMORIAL HERMANN HOSPITAL SYSTEM; MEMORIAL HERMANN MEMORIAL CITY HOSPITAL,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:14-CV-3380

Before JOLLY, BENAVIDES, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Donald L. Bloom filed a civil action against Memorial Hermann Hospital System and Memorial Hermann Memorial City Hospital (collectively referred to herein as Memorial Hermann Health System).[1]  In this court, Bloom appeals

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Memorial Hermann Health System is incorrectly identified in case filings and the caption as Memorial Hermann Hospital System, Memorial Hermann Memorial City Hospital, and Memorial Hermann Hospital System et al.

the district court's denial of his motion for a default judgment and the dismissal of his complaint for lack of subject matter jurisdiction.

We review a district court's denial of a motion for a default judgment for abuse of discretion. *See Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001). Here, Bloom asserts that he was entitled to a default judgment because Memorial Hermann Health System filed its first responsive pleading one day late. However, even in the face of a technical default, such as when a party files its first responsive pleading late, a movant is not entitled to a default judgment as a matter of right. *See Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Accordingly, we cannot say that the district court abused its discretion in determining that a default judgment was unwarranted. *See Lewis,* 236 F.3d at 767; *Sun Bank of Ocala v. Pelican Homestead and Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989).

Regarding Bloom's second claim, we conduct a de novo review of a district court's dismissal for lack of subject matter jurisdiction. *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 762 (5th Cir. 2011). "A case is properly dismissed for lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case." *Hooks v. Landmark Indus., Inc*. 797 F.3d 309, 312 (5th Cir. 2015) (internal quotation marks and citation omitted). Bloom has not met his burden of identifying a statutory or constitutional provision giving the district court authority to adjudicate his case. *See id.*; *Wolcott,* 635 F.3d at 762. Thus, he has shown no error in the dismissal of his action for want of jurisdiction.

AFFIRMED.