# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30836
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2018

Lyle W. Cayce
Clerk

CARLOS R. POREE,

      Plaintiff - Appellant

v.

STEVEN T. MNUCHIN, SECRETARY, U.S. DEPARTMENT OF TREASURY,

      Defendant - Appellee

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:00-CV-1348

Before HIGGINBOTHAM, HAYNES, and HIGGINSON Circuit Judges.

PER CURIAM:[*]

Poree worked as a revenue agent for the Internal Revenue Service from July 3, 1967 until his termination on December 17, 1976. On November 7, 1977, after shooting his wife and father-in-law, Poree went on a shooting spree through downtown New Orleans. The jury rejected Poree's defense of not guilty by reason of insanity, and Poree was sentenced to life in prison without the

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

No. 16-30836

possibility of parole on January 3, 1979. On July 20, 1999, a federal district court granted Poree's application for a writ of habeas corpus, vacating the conviction and sentence. The district court ordered the state to accept the Plaintiff's plea of not guilty by reason of insanity. Thereafter, Poree was diagnosed with schizophrenia and was civilly committed to the Louisiana State Hospital, where he has remained confined ever since.

Poree brought this suit on June 29, 2000 seeking reinstatement into the IRS, back pay, and disability retirement. The case was administratively closed and stayed by the district court on January 7, 2003, pending a determination that Poree was able to establish that he was competent to proceed. On motion by Poree, the district court found that Poree was competent to proceed and reopened the case on March 31, 2015. On July 9, 2015, Defendant moved to dismiss the action without prejudice under Rule 12(b)(1), arguing that the district court lacked jurisdiction over the case because Poree cannot establish that he exhausted his administrative remedies before the Civil Service Commission. The district court granted that motion on June 27, 2016. Poree appeals from that dismissal.

Our review of a dismissal for want of subject matter jurisdiction is *de novo*.[1] "Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute."[2] "The burden of proof for a Rule 12(b)(1) motion to dismiss is on the party asserting jurisdiction."[3] "In examining a Rule 12(b)(1) motion, the district court is empowered to consider matters of fact which may be in dispute."[4] "A case is properly dismissed for

---

[1] *Home Builders Ass'n of Miss. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (citing *Moran v. Kingdom of Saudi Arabia*, 27 F.3d 169, 171 (5th Cir. 1994)).

[2] *Gunn v. Minton*, 133 S. Ct. 1059, 1064 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotation marks omitted).

[3] *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

[4] *Ramming*, 281 F.3d at 161 (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).

lack of subject matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."[5]

The district court construed Poree's claim as seeking relief under the Civil Service Reform Act of 1978. Before a plaintiff may bring an action in the district court under the CSRA, he must have exhausted his administrative remedies.[6] On appeal, Poree argues that he exhausted his remedies by appealing his dismissal to the district director who dismissed him, then to the regional U.S. Civil Service Commission office in Dallas, Texas, then to the national office of the U.S. Civil Service Commission in Washington, D.C. Poree claims that former district director William Orr visited him at his residence and informed him that his appeal had been granted and that he would be reinstated. Poree offers no evidence in support of his claims outside of his own recollection. Poree's own unsworn and contradictory assertions are not sufficient to carry his burden in establishing the exhaustion that would allow the federal courts to exercise subject matter jurisdiction over his claim. The district court correctly dismissed his case without prejudice.

AFFIRMED.

---

[5] *Hooks v. Landmark Indus., Inc.*, 797 F.3d 309, 312 (5th Cir. 2015) (quoting *Home Builders Ass'n of Miss.*, 143 F.3d at 1010) (internal quotation marks omitted).

[6] *See* 29 C.F.R. § 1614.310; *Smith v. Porter*, 400 F. App'x 806, 812 (5th Cir. 2010)